*J. & W. L. Harlan* for plaintiff; *B. & A. Monroe* for defendants.

---

## Hunt *vs* Ballew and others.

### Error to the Greenup Circuit.

*Trespass. Justification under process.*

Judge Graham delivered the opinion of the Court.

This action of trespass *vi et armis*, was instituted by the plaintiff in Greenup county, and process to Greenup, served on Ballew and Martin; another writ to the Sheriff of Carter county, served on Ward and Frizell, the other defendants. Plea, not guilty, with leave to defendants to give any special matter in evidence that would be legal under a special plea. On the trial, the plaintiff proved that he was arrested, taken to Grayson in Carter, tied with a string whilst on the way, and thus conducted on a cold day, to the town. He seems to have been arrested by Ward and guarded by Ballew and Frizell. Martin did not participate in the arrest, but was in company with the others, and supplied one of them with a pistol. An instrument called in the record a warrant, and which the Clerk, in his marginal note, has very properly denominated a *distress warrant,* by which a Justice of the Peace states that Ballew made oath before him, that Hunt did, on 1st January, 1848, forcibly enter into and forcibly detain from him, the said Ballew, a certain tract of land, (giving a description of

its locality,) contrary to the law in such cases made and provided, and therefore commanding any Sheriff or Constable of Carter county, to apprehend the body of said Hunt and bring him forthwith before two Justices, &c. Upon being brought before the Justices, they dismissed the warrant for want of form. After the plaintiff had closed his testimony, the record states that, under the order of the Judge, given upon defendant's request, the jury retired as to Martin, and found him not guilty. The Judge then instructed the jury that if Frizell and Ballew did nothing but obey the Sheriff as a guard, they ought not to be found guilty, and the jury having, accordingly found, the Court thus instructed the jury, that if the defendants, Ward and Frizell, lived in Carter county, this suit was improperly brought, and it appearing that the writs were sent there, the jury should find for them, and found accordingly.

Forcibly entering upon, taking or keeping possession of lands and tenements, was at common law, and yet is, when attended with actual force and violence, an indictable offence. It must, however, appear that such force and violence had been used, as would constitute a breach of the peace, and the indictment must state the offence to have been committed "with a strong hand," as it is the actual force and violence that distinguishes the indictable offence from the civil trespass; (*P. A. 727.*) A warrant by which it is intended to arrest the citizen and deprive him of his personal liberty, if indeed such warrant could at all issue for this offence, which, to say the least, is very doubtful, ought to, and must contain such a statement of facts, and such averments of violence as would authorize the maintenance of an indictment. The warrant in this case, has no such allegation, and does not show a state of facts which could give the Justice authority to issue it. But if a Justice of the Peace may lawfully, under certain state of facts, issue his warrant to cause one to be apprehended, who before him, is charged to have been guilty of forcibly entering upon or detaining the premises of another by actual and not merely implied violence and force, which we will not now determine, then an officer to whom

Forcible entry into land was a common law indictable offence, but must be charged to have been committed with a *strong hand*, and a warrant from a justice, if it may issue at all, (which is doubtful) must contain a like charge.

Where a warrant issues by legal authority, having jurisdiction, the officer, and those acting under his command, are protected in its execution, if they do not transcend their duty in the manner of its execution. If they do, he become trespassers *ab initio.*

Hunt
vs
Ballew, &c.

such precept may be directed, shall not be required to see that it is in due form, or that it has properly issued. If it be not void on its face, it will protect him, if in its execution he acts in good faith; (2 *J. J. Marshall*, 46; 4 *B. Monroe*, 231, *and authorities there referred to*.) But if an officer misapplies the process, (6 *Monroe*, 296,) or if by a positive act of malfeasance, he exceeds his authority, then in such case he will be a trespasser *ab initio*: (4 *Littell*, 134.)

In the case before us, no evidence was given in on the trial, to show that Ward was a ministerial officer, or that in arresting the plaintiff he acted as such, and the law already cited, protecting an officer, would seem not to be applicable to him, yet as the service returned on the warrant and signed by him, intimates that he was a deputy Sheriff, that fact may appear on a subsequent trial. But if it had been fully shown that he was Sheriff, and acting as such in the execution of the process, the jury ought to have been permitted to decide whether he had, in manner or otherwise, so exceeded his authority as to become a trespasser *ab initio*. And if there had been proof before the jury, as there was not, that the other defendants had acted in good faith under the command of the officer, to aid in the execution of process, then, although the process was invalid, they would have been protected. But, if they were volunteers in the service, or acted officiously, it was their duty to show a valid process, as already stated. And if either Martin or Ballew were guilty and had so been found by the jury, the third instruction of the Court which virtually dismissed the case because the other defendants lived in Carter county, would be seen at once to be palpably erroneous. The testimony was not of a character to authorize the jury to retire as to defendants, Martin, Ballew, &c., and find them not guilty. We are of opinion that a new trial should be awarded to the plaintiff, and without the payment of costs.

Wherefore, the judgment of the Circuit Court is reversed and the cause remanded, with direction to set aside the verdicts of the jury and award a new trial, without the payment of costs.

*Apperson* for plaintiff; *Davis* for defendants.

To authorize the court to instruct the jury upon a question of law, the proof should conduce to show the state of case to which the instruction would apply.